IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Leon L. Lawrence, ) | |
| ) | C/A No. 5:11-0184-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Michael J. Astrue, Commissioner of ) | **O R D E R** |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act (the "Act"), codified as amended at 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security (the "Commissioner").

I. PROCEDURAL HISTORY

On March 9, 2005, Shirley Lawrence, filed an application for supplemental security income on behalf of Plaintiff Leon L. Lawrence, who was a minor. The application was denied initially and upon reconsideration. A hearing was held before an administrative law judge ("ALJ") on December 20, 2006. The ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. On October 26, 2007, the ALJ's decision became the "final decision" of the Commissioner after the Appeals Council determined that there was no basis for granting Ms. Lawrence's request for review. On November 14, 2007, Ms. Lawrence, on behalf of Plaintiff, brought an action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the "final decision" of the Commissioner. The court found that the Commissioner's decision was not supported by substantial evidence. The case was reversed and remanded for further proceedings.

The ALJ conducted a de novo video hearing on October 15, 2010. On November 19, 2010,

the ALJ issued a decision in which he found that Plaintiff had severe impairments of ADHD and mild mental retardation, but that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1, Part A or B. The ALJ noted that Plaintiff was able to communicate appropriately, interact with peers and adults appropriately, maintain personal functioning, and maintain concentration, persistence, and pace. The ALJ stated that evidence in the record demonstrated that Plaintiff was able to attend school without a shadow, follow instructions to complete standardized testing, prepare simple meals, use the computer, play team sports, play video games, and care for his personal grooming.

The ALJ further determined that, before reaching the age of eighteen, Plaintiff did not have an impairment or combination of impairments that functionally equaled the listings set forth in 20 C.F.R. § 416.924(d) and 416.92(a). The ALJ accorded significant weight to the opinions of Plaintiff's teachers as documented in the record, as these individuals had the benefit of a longitudinal relationship with Plaintiff and their vocational training provided them with some degree of expertise in assessing Plaintiff's behavior in relation to other children the same age. The ALJ found Ms. Lawrence's testimony at the hearing–that Plaintiff has problems comprehending, he has a short attention span, he has anger issues and a short temper, he is unable to learn, he cannot perform household chores, he does not participate in anything and keeps to himself–to be overstated and lacking in corroboration by the medical and other evidence of record.

The ALJ determined that before attaining age eighteen, Plaintiff had a marked limitation in acquiring and using information; a less than marked limitation in attending and completing tasks; a less than marked limitation in interacting and relating with others, no limitation in moving about

and manipulating objects; no limitation in the ability to care for himself; and no limitation in health and physical well-being. The ALJ concluded that, prior to attaining the age of eighteen, Plaintiff was not disabled as defined in § 1614(a)(3)(C) of the Act.

The ALJ observed that, since attaining the age of eighteen, Plaintiff continues to have severe impairments, but no impairment or combination of impairments that meets or medically equals a listed impairment. The ALJ concluded, however, that Plaintiff does not have the residual functional capacity to sustain gainful employment at any exertional level. The ALJ observed that Plaintiff's ability to perform work at all exertional levels is compromised by nonexertional limitations. The ALJ noted that Plaintiff is unable to follow work rules; tolerate customary work pressures; concentrate effectively on a sustained basis; understand, carry out, and remember simple instructions; and respond appropriately to supervision, coworkers, and usual work situations. The ALJ concluded that Plaintiff became disabled on August 21, 2009, the age Plaintiff attained the age of eighteen.

Plaintiff filed the within complaint seeking judicial review on January 21, 2011. Plaintiff challenges only the finding of the ALJ with respect to Plaintiff's alleged disability prior to the date Plaintiff attained the age of eighteen.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for a Report and Recommendation. On March 16, 2012, the Magistrate Judge filed a Report and Recommendation in which she recommended that the Commissioner's decision to deny benefits prior to August 21, 2009 be affirmed. Plaintiff filed objections to the Report and Recommendation on April 2, 2012, to which the Commissioner filed a reply on April 19, 2012.

This matter now is before the court for review of the Magistrate Judge's Report and Recommendation. The court is charged with making a de novo determination of any portions of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

## II. STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's findings of fact are not binding if they were based upon the application

of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). However, the Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

### III.  DISCUSSION

In his objections to the Report and Recommendation, Plaintiff contends that the ALJ did not consider all the evidence in failing to find the existence of a disability prior to the age of eighteen. Plaintiff contends that the ALJ failed to consider that Plaintiff was held back twice in school, did not "earn" his diploma, was arrested in school, had a tutor who was unable to teach him, could not perform simple household chores, stopped school, and failed to hold down two different jobs. Plaintiff further asserts that there is evidence from Plaintiff's teachers that does not support the ALJ's finding that Plaintiff was not disabled prior to attaining the age of eighteen. Plaintiff notes that one teacher reported that Plaintiff had obvious problems focusing long enough to finish an assigned activity and carrying out single and multi-step instructions, changing from one activity to another, completing work accurately, working without distracting self/others, and working at a reasonable pace/finishing on time. Another teacher reported that Plaintiff always needed extra time to complete a task and that he had difficulty following multi-task instructions. Another teacher reported that Plaintiff required extended time to complete class assignments, and very serious problems carrying out multi-step instructions and completing work accurately. In response, the Commissioner argues that the real thrust of Plaintiff's objections is that the court should re-weigh the evidence. The Commissioner contends that Plaintiff himself tacitly admits that the record here is, at worst, mixed.

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate

to support a conclusion. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In reviewing for substantial evidence, the court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Id.* (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)).

Upon consideration of Plaintiff's objections, the court finds that the Magistrate Judge performed a thorough analysis of the record in reaching the conclusion that substantial evidence supports the Commissioner's decision that Plaintiff was not disabled within the meaning of the Social Security Act prior to attaining the age of eighteen. Plaintiff's objections are without merit.

### IV.  CONCLUSION

The court adopts the Report and Recommendation and incorporates it herein by reference. For the reasons set out in the Report and Recommendation and hereinabove, the Commissioner's final decision to deny benefits to Plaintiff prior to the date he attained the age of eighteen is **affirmed**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina

September 27, 2012